UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELONI TERRY,

                Plaintiff,

  v.

SAN JUAN COUNTY,

                Defendant.

Case No. C15-1610 JCC-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Meloni Terry, a *pro se* prisoner proceeding *in forma pauperis*, brings this 42 U.S.C. § 1983 action alleging that her constitutional rights as a pretrial detainee were violated when—against her witnessed protestations—a John Doe Detention Officer sexually groped her breasts and buttocks while conducting an unnecessary pat-down search. In other orders, the Court has directed the Clerk to identify counsel from the Pro Bono Panel for Ms. Terry and ordered service on defendants San Juan County, San Juan Deputy Sheriff Jack Wilsey, and former San Juan County Sheriff Rob Nou. Here the Court recommends dismissing defendant Compass Health with prejudice because Compass is a private party not subject to a § 1983 action.

**BACKGROUND**

Ms. Terry alleges that in October 2012, she was arrested by Deputy Wilsey and subjected

REPORT AND RECOMMENDATION - 1

to two pat-down searches before eventually being transferred to Friday Harbor, where she was handed over to a John Doe Detention Officer from San Juan County Holding Facility. Dkt. 8, at 3. According to Ms. Terry, the detention officer then conducted an improper pat-down search in which he fondled her breasts and roughly squeezed her buttocks. *Id.* During this rough pat-down search, Ms. Terry protested, cried, and asked Deputy Wilsey for help. *Id.* She says that the detention officer told her not to resist while Deputy Wilsey simply shrugged and left. *Id.*

Ms. Terry claims a violation of her Fourth Amendment right to be free from unreasonable searches and a violation of her due-process right to be free from sexual abuse (i.e., the application of the Fourteenth Amendment Due Process Clause to afford pretrial detainees at least the same Eighth Amendment protections as state prisoners). Dkt. 8, at 3, 5–7. She sues the detention officer for his improper conduct, Deputy Wilsey for his deliberate indifference, San Juan County for its ineffective policy and practice regarding pat-down searches, and former Sheriff Nou either for his role in creating the ineffective policy and practice or for his direct knowledge and/or indifference to what occurred. *Id.*

Ms. Terry also sues Compass Health, a private, non-profit organization that provides her with counseling services. She alleges that when she told Compass Health about the incident, Compass referred her to her public defender, thereby denying her access to the courts. Dkt. 8, at 6.

## DISCUSSION

To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Generally, private parties do not act under color of

REPORT AND RECOMMENDATION - 2

state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Ms. Terry alleges that Compass Health violated her constitutional rights by providing misleading advice and failing to provide her with more helpful resources to complain about the detention officer's conduct. Compass is a private, non-profit organization regardless of any contract it might have with San Juan County to provide mental-health services to indigent residents. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Ms. Terry has failed to allege facts that would demonstrate such a close nexus between the San Juan County and Compass Health's alleged provision of misinformation that Compass's seemingly private behavior could be attributed to the county. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc). Compass Health should therefore be dismissed with prejudice from this § 1983 action.

## CONCLUSION

The Court recommends **DISMISSING** Compass Health with prejudice from this § 1983 action because the allegations demonstrate that Compass is a private entity that did not act under color of state law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim in IFP proceedings).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 4, 2016.** The Clerk should note the matter for **January 8, 2016**, as ready for the District Judge's

REPORT AND RECOMMENDATION - 3

consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of December, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge